UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mohammed Fayyaz Hayat,                File No. 21-cv-442 (ECT/KMM)

      Plaintiff,

v.                                                    **OPINION AND ORDER**

Maine Heights, L.L.C. and
Premier Management Minnesota, L.L.C.,

      Defendants.

---

Mohammed Fayyaz Hayat, pro se.

Patrick D. Newman, Bassford Remele, Minneapolis, MN and Suzanne L. Jones, Gordon Rees Scully Mansukhani, Minneapolis, MN, for Defendants Maine Heights, L.L.C. and Premier Management Minnesota, L.L.C.

---

    In this case removed from Minnesota state court based on the presence of a single federal claim, the Parties have filed three motions. Pro se Plaintiff Mohammed Fayyaz Hayat has filed a motion seeking leave to file an amended complaint that would, among other changes, drop his lone federal claim. Hayat also has filed a motion seeking remand based on the would-be absence of the one federal claim on which subject-matter jurisdiction was premised. Defendants Maine Heights, LLC and Premier Management Minnesota, LLC have moved to dismiss the original complaint under Federal Rule of Civil Procedure 12(b)(6).

    Hayat's motion for leave to amend will be granted, though only to the extent he seeks to drop his federal claim. Pursuant to the supplemental jurisdiction statute,

specifically 28 U.S.C. § 1367(c)(3), Hayat's remand motion will be granted in light of his abandonment of the federal claim. Hayat's motion for leave to amend will be denied to the extent Hayat seeks other amendments (beyond dropping his lone federal claim) and without prejudice to his right to pursue those amendments in state court following remand. Defendants' motion to dismiss will be denied without prejudice to their right to refile that motion in state court. The law and practical considerations lead to this result.

*Hayat's original complaint.* Hayat brought this case in Hennepin County District Court. Compl. [ECF No. 1-1]. In his original complaint, Hayat asserted nuisance and reprisal claims under separate Minnesota statutes and a claim under the federal Fair Debt Collection Practices Act ("FDCPA"). *Id.* ¶¶ 35–53. Described very generally, Hayat's claims seem to concern (1) (what he alleges were) poor conditions in an apartment he rented that was owned by Maine Heights and managed by Premier Management and (2) each Defendant's responses to his complaints and actions concerning the apartment's conditions. *See generally id.* Hayat served the complaint on January 28, 2021. Notice of Removal ¶ 1 [ECF No. 1].

*Procedural history.* Maine Heights and Premier Management, with the consent of a third named Defendant, Credit Management Control, Inc., removed the case to this court based only on the presence of the FDCPA claim and their contention that there was supplemental jurisdiction over Hayat's two state-law claims. *Id.* ¶¶ 7–11, 16. Removal occurred on February 18, 2021. *Id.* Eight days later (on February 26), Hayat stipulated to the dismissal of Credit Management Control, ECF No. 10, and Maine Heights and Premier Management filed their Rule 12(b)(6) dismissal motion, ECF No. 11. Hayat then filed his

two motions. He filed his motion to remand on March 8, ECF No. 22, and his motion for leave to amend his complaint on March 29, ECF No. 33.

*The Parties' contentions.* Maine Heights and Premier Management seek Rule 12(b)(6) dismissal on two grounds. They first argue that Hayat's state-law claims were the subject of a prior suit, *Maine Heights LLC v. Hayat*, No. A19-1930, 2020 WL 7330598 (Minn. Ct. App. Dec. 14, 2020), and are barred by the doctrines of claim and issue preclusion. Defs.' Mem. at 1–2 [ECF No. 14]. They next argue that Hayat's FDCPA claim fails on the merits because "neither Maine Heights nor Premier Management is a 'debt collector' [subject to suit] under the FDCPA." *Id.* at 2. Though the timing and format of Hayat's motions confused matters, the gist of his position is straightforward. He denies ever asserting an FDCPA claim against Maine Heights or Premier Management; he says this claim was asserted against only Credit Management Control. Pl.'s Remand Mem. at 2 [ECF No. 23]. With Credit Management Control out of the picture owing to its stipulated dismissal, Hayat argues there is no FDCPA claim left. *Id.* at 4. Regardless, if Hayat's motion for leave to amend is granted, the FDCPA claim will go away leaving only state-law claims, and Hayat is understood to argue that this posture warrants remand. In response to Hayat's remand motion, Maine Heights and Premier Management point out (fairly) that the FDCPA count of Hayat's original complaint is group-pleaded against all Defendants, not just Credit Management Control. *See* Compl. ¶¶ 48–53.[1] Maine Heights and Premier

---

[1] Because Hayat's original complaint group-pleads the FDCPA claim against all Defendants, it would be incorrect to order remand based on Hayat's contention that the original complaint does not plead an FDCPA claim against Maine Heights or Premier Management.

3

Management oppose Hayat's motion for leave to amend on futility grounds. Defs.' Mem. in Opp'n to Amendment at 11–20 [ECF No. 39]. Specifically, they argue that the state-law claims Hayat would assert in his amended complaint all fail as a matter of law. *Id.* Maine Heights and Premier Management do not address Hayat's wish to amend his complaint to drop the FDCPA claim. *See generally id.*

*Order of operations.* It makes the most sense to address Hayat's motion for leave to amend his complaint first. The filing of an amended complaint "[o]rdinarily" renders a Rule 12(b)(6) motion moot because the amendments usually "address deficiencies identified in the motion" and "add allegations not addressed by the motion." *Crandall v. Miller & Stevens, P.A.*, No. 20-cv-1793 (ECT/LIB), 2020 WL 6158214, at *2 (D. Minn. Oct. 21, 2020). It is true that when amendments are minor it will occasionally make more practical sense to construe the pending motion as a motion to dismiss the amended complaint. *See Manos v. Fed. Bureau of Prisons*, No. 18-cv-427 (PJS/HB), 2019 WL 1494604, at *2 (D. Minn. Mar. 11, 2019), *report and recommendation adopted*, 2019 WL 1491789 (D. Minn. Apr. 4, 2019); *Onyiah v. St. Cloud State Univ.*, 655 F. Supp. 2d 948, 958 (D. Minn. 2009). The amendments Hayat seeks are not minor. Among other things, he seeks to drop his only federal claim, add a state-law claim for "constructive eviction," and reassert his third count under a different statutory section. *See generally* ECF No. 33 at 2–14.

*Hayat's motion to amend.* Under Fed. R. Civ. P. 15(a)(2), a "court should freely give leave when justice so requires." Factors relevant to determining whether leave should be granted include whether the motion was filed in bad faith or with dilatory motive,

4

whether the motion was filed with undue delay, whether leave to amend would be unduly prejudicial to the opposing parties, and whether the proposed amendment would be futile. *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998). Hayat's motion satisfies this standard insofar as he seeks to drop his FDCPA claim. No dilatory motive is apparent. Hayat seems to recognize that the claim cannot be viably asserted against Maine Heights or Premier Management. Pl.'s Remand Mem. at 2 ("Maine Heights and Premier Management . . . are not in the debt collection business."). It is true that Hayat filed this motion later than most lawyers usually would and after he filed his remand motion. But no authority has been identified suggesting that this timing would justify declining to consider or denying the motion. There is no prejudice to Maine Heights or Premier Management. True, they removed the case based on the presence of the FDCPA claim hoping it would remain in federal court. But they then sought dismissal of the claim on the same basis as Hayat seeks to withdraw it. Defs.' Mem. at 2 (arguing that "neither Maine Heights nor Premier Management is a 'debt collector' under the FDCPA"). Finally, it's hard to imagine how dropping a claim might pose a futility problem.

*28 U.S.C. § 1367(c)(3).* So why stop with the FDCPA claim? Why not proceed to analyze whether Hayat's other proposed amendments are viable? Because *if* there is supplemental jurisdiction over Hayat's state-law claims—it is not obvious they arise from a common nucleus of operative facts as his FDCPA claim—then the better application of the controlling statute and practical considerations counsel strongly against its exercise now that Hayat's only federal claim is out of the picture. A "district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed

5

all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[W]hen a district court has dismissed every federal claim, . . . 'judicial economy, convenience, fairness, and comity' will usually 'point toward declining to exercise jurisdiction over the remaining state-law claims.'" *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) (quoting *Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016)). This case is in its earliest stages. It is true that this disposition risks some inefficiency. It means the five months the case has spent here in federal court will have resulted only in the disappearance of the FDCPA claim. But there are mitigating considerations. The Parties should be able to re-file their briefs and other materials with the state court promptly and with little expense. Further, once Hayat made it clear that he did not intend to pursue an FDCPA claim against Maine Heights or Premier Management, a stipulation would have made the time and expense associated with much of the Parties' motion practice and briefing here unnecessary. *See* Fed. R. Civ. P. 1.[2]

## ORDER

Based on all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Plaintiff's motion for leave to amend his complaint [ECF No. 33] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent Plaintiff seeks leave to amend his complaint to drop the FDCPA claim (Count III). The motion is **DENIED** in all other

---

[2] It makes little sense to require Hayat to file his amended complaint here before remand. It should be clear that the allowed amendment simply permits Hayat to remove the FDCPA claim from his original complaint. For all practical purposes, that is enough.

respects **WITHOUT PREJUDICE** to Plaintiff's right to re-file the motion in state court following remand.

2. Plaintiff's motion to remand [ECF No. 22] is **GRANTED**. This action is **REMANDED** to Minnesota District Court, Fourth Judicial District (Hennepin County).

3. Defendants Maine Heights, LLC and Premier Management Minnesota, LLC's motion to dismiss Plaintiff's original complaint [ECF No. 11] is **DENIED WITHOUT PREJUDICE** to their right to re-file the motion in state court following remand.

Dated:  June 10, 2021                         s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court